### Sarah E. FALLON, D.M.D., Sarah E. Fallon, D.M.D. Inc.

v.

### CONTINENTAL CASUALTY COMPANY.

#### No. 00–196–A.

Supreme Court of Rhode Island.

Jan. 16, 2001.

James A. Currier, Providence.

Mark P. Dolan, Providence.

#### O R D E R

The plaintiff, Sarah E. Fallon, D.M.D., appeals from a Superior Court summary judgment in favor of defendant, Continen-

tal Casualty Company. After a conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff was insured by defendant under a professional malpractice policy with effective dates of coverage from May 31, 1998 to May 31, 1999. That policy was canceled by the insurer on May 4, 1999 for failure by the insured to pay premiums due on her medical malpractice insurance policy. The professional liability portion of the policy is characterized on the declarations page as a "claims-made" policy. The policy also imposes the following duty upon a policy holder:

> A claim for injury or damage is considered first made when you first receive notice of the claim. The notice must be given to us immediately and within the policy period or within 10 days after its expiration or termination.
>
> Continental Policy, Professional Liability Coverage Part, page 9 of 9.

In December 1998, Dr. Fallon received a letter from an attorney representing one of her patients. The letter indicated that the patient was pursuing a medical malpractice claim against Dr. Fallon for negligent care and treatment. Dr. Fallon did not send a copy of the letter to Continental. In April 1999, Dr. Fallon decided to change insurance companies. In June 1999, she received notice that she was being sued in connection with the above claim and notified Continental. The defendant refused to defend plaintiff against the suit, based upon her failure to notify the insurer as required by the policy.

The plaintiff filed suit in Superior Court seeking damages for defendant's alleged breach of contract. The defendant filed an answer and a counterclaim petition for declaratory judgment. The defendant filed a motion for summary judgment as to both plaintiff's complaint and defendant's counterclaim. The trial justice granted defendant's motion as to plaintiff's complaint and Count I of defendant's counterclaim, but denied the motion as to Count III of defendant's counterclaim, without prejudice. Judgment was entered pursuant to Super.R.Civ.P. 54(b) and plaintiff filed a notice of appeal.

We have reviewed the record in this case and conclude that the trial justice was correct in concluding that the terms of the policy required plaintiff to provide notice of the claim to Continental immediately and within the policy period. We decline to apply a requirement that the insurer must show that actual prejudice resulted from the insured's failure to provide notice within the policy period in order to avoid coverage under the policy. *See Textron, Inc. v. Liberty Mutual Insurance Company*, 639 A.2d 1358 (R.I.1994).

For the foregoing reasons, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.